IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY MOORE | § | |
| | § | CIVIL ACTION NO. 6:05cv270 |
| DOUGLAS DRETKE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Moore, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Moore complained that he was assaulted on August 6, 2004, by two prison officials, Lt. Parker and Officer Taylor. He also complained, in a general and conclusory manner, that prison officials were denying him medical care, interfering with his mail, and denying him grievance forms. He asserted, without providing any specifics, that other prisoners have been assaulted without justification and that prison officials have been negligent in using mace or pepper spray while inmates have been locked in their assigned areas.

On August 18, 2005, the Magistrate Judge issued a Report recommending that Moore's *in forma pauperis* status be revoked and that the lawsuit be dismissed. The Magistrate Judge observed that Moore had filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted, and therefore fell under 28 U.S.C. §1915(g). See Moore v. Cockrell, et al., slip op. no. 01-40331 (5th Cir., August 23, 2001) (unpublished) (stating that Moore has three strikes). This section provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In applying this section to Moore, the Magistrate Judge observed that Moore did not pay the full filing fee, nor did Moore show that he was in imminent danger of serious physical injury at the time of the filing of the lawsuit. The Magistrate Judge noted that the alleged assault about which Moore complains took place over a year before he filed the lawsuit, and that Moore's vague and general accusations regarding the allegedly negligent hiring and training of prison employees, and his equally vague and conclusory assertions about denial of medical care, were not sufficient to show that he is in imminent danger of serious physical injury at the time that he filed the lawsuit. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Edmond v. Texas Department of Corrections, et al., slip op. no. 97-10819 (5th Cir., Oct. 7, 1998) (unpublished) (conclusory allegations of retaliation and denial of medical care not sufficient to show imminent danger). Hence, because Moore did not meet the criteria of the statute, the Magistrate Judge recommended that his lawsuit be dismissed.

Moore filed objections to the Magistrate Judge's Report on September 6, 2005. These objections are primarily devoted to arguing that Moore did show that he is in imminent danger, as demonstrated by the attachments to his complaint. However, these attachments all refer to the alleged August 6, 2004, assault, which took place over a year before he filed the lawsuit. Moore has not shown that an alleged assault in August of 2004, over a year before the filing of the complaint, ago places him in imminent danger of serious physical injury as of the time that he filed his lawsuit in July of 2005. *See* Baños, 144 F.3d at 885 (holding that the "imminent danger" must be as of the time of the filing of the lawsuit or appeal, not as of the time of the occurrence of the incident complained of). This objection is without merit.

Moore also complains that his lawsuit has not been certified as a class action. The Magistrate Judge correctly observed in a footnote to her Report that Moore is not an adequate class

representative because he is subject to the three-strikes bar of Section 1915(g) and that Moore has failed to show that class certification is appropriate in any event. Moore's objections simply cite general legal standards regarding class actions and do not show that certification of his lawsuit as a class action is appropriate or that he would be an appropriate class representative in the event that such certification took place. Moore's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and other evidence in the cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED and that the above-styled civil action is hereby DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the $250.00 filing fee. It is further

ORDERED that should Moore pay the full filing fee within 15 days of the entry of final judgment in this case, he shall be allowed to proceed as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this lawsuit, including any requests or motions for certification of the lawsuit as a class action, are hereby DENIED.

**SIGNED this 13th day of September, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE